IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Arnold F. Carroll,                          )          Civil Action No. 3:09-cv-3104-RMG-JRM
                                            )
                          Plaintiff,        )
                                            )
          vs.                               )          **ORDER**
                                            )
Commissioner of Social Security             )
Administration,                             )
                                            )
                          Defendant.        )
                                            )

Plaintiff filed this action seeking judicial review of a final decision of Defendant

Commissioner of Social Security denying Plaintiff's application for Supplemental

Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02,

D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey

for pretrial handling.

As detailed herein, after a review of the Record for any errors of law, this Court

adopts the Report and Recommendation of the Magistrate and remands this matter to the

ALJ for further administrative proceedings consistent with this Order.

**Background**

The Magistrate issued a Report and Recommendation recommending that the

matter be remanded for further proceedings to address certain findings of the treating and

examining physicians. (Dkt. No. 18). Defendant has filed notice that he does not intend

to object to the R&R. (Dkt. No. 19). Plaintiff has not objected to the Magistrate's Report

and Recommendation.

1

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b) (1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the

2

[Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

### Law/Analysis

This Court has reviewed the Record for any errors of law. Having found none, this Court has explained below why remand is warranted.

### A. Treating Physician

On January 22, 2007, Dr. Eller, a pain management specialist, completed a physical of Plaintiff. Tr. 297-299. She opined that because of intractable pain in Plaintiff's lower back and that he was status post fusion, he was only able to lift a maximum of ten pounds, stand or walk for four hours in an eight-hour day and one hour without interruption, and sit for four hours in an eight-hour day. Dr. Eller thought that Plaintiff should never climb, balance, stoop, crouch, kneel, and crawl due to a failed back surgery and increased pain with these maneuvers. She opined that Plaintiff had physical limitations in reaching and pushing/pulling due to failed back surgery. Dr. Eller noted that Plaintiff had certain work limitations related to heights, moving machinery, and vibration because the medication he took could impair his reflexes. Tr. 297-299.

On August 25, 2008, Dr. Derrick wrote that he had treated Plaintiff for close to two years. He noted that Plaintiff had several medical conditions, including diabetes,

3

neuropathy, and significant osteoarthritis. Dr. Derrick opined that Plaintiff needed to be considered for disability. Tr. 1166.

The Commissioner contends that the ALJ properly considered and assigned appropriate weight to these physicians' opinions. The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Under such circumstances, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992)).

Under § 404.1527, if the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must consider the following factors to determine the weight to be afforded the physician's opinion: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 C.F.R. § 404.1527. Social Security Ruling 96-2p provides that an ALJ must give specific reasons for the weight given to a treating physician's medical opinion. SSR 96-2p.

4

In this matter, from this Court's review of the Record, the ALJ's decision to discount Dr. Derrick's opinion is supported by substantial evidence. First, Dr. Derrick only stated that Plaintiff should be "considered" for disability. Further, Dr. Derrick did not specify any limitations that would affect Plaintiff's ability to work or that would preclude Plaintiff from performing the full range of light work.

However, the ALJ's decision to discount Dr. Eller's opinion is not supported by substantial evidence. The Commissioner argues that the ALJ properly assigned little weight to Dr. Eller's opinion because Dr. Eller's treatment notes did not support her opinion. Even if Dr. Eller's back surgery references are incorrect, she said that her restrictions were supported by Plaintiff's intractable pain, his increased pain with load bearing, spasms, increased pain with certain maneuvers, and that his medications could impair his reflexes. She specifically noted that the limitations were to the degree normally expected from the severity of Plaintiff's condition and that the diagnoses were confirmed by objective findings. Tr. 298-299. Further, the ALJ did not specifically articulate his reasons for finding that Dr. Eller's own records did not support her findings. In fact, Dr. Eller's notes consistently report that she found muscle spasms, that Plaintiff reported severe pain (sometimes noting 10/10 on a pain scale), that she consistently diagnosed Mr. Carroll with facet arthropathy syndrome and that she administered epidural injections and radio-frequency denervation to treat this condition. Tr. 490, 493, 495, 497, 500. Further, the ALJ does not appear to have considered the August 22, 2006 note from Dr. Scott Strohmeyer, a treating orthopedic surgeon working in conjunction with Dr. Eller's pain management therapy, that Plaintiff's most recent MRI showed "severe" facet disease at L5-S1 and moderate disc disease at L2-L3. Tr. 485. Thus, based on the above, it is

necessary to remand this matter for consideration of all the evidence related to Dr. Eller's evaluation, diagnosis and treatment of Plaintiff.

### B.  Grids/Vocational Expert Testimony

Plaintiff argues that vocational testimony was required to deny his application at step five of the sequential evaluation process because he suffers from nonexertional impairments which preclude the use of the vocation guidelines ("Grids").  He argues that his nonexertional impairments included his mental impairments, absenteeism due to his chronic illnesses, weakness, fatigue, dizziness, dyspnea, frequent fevers, intermittent skin rash, numerous infections, nausea, and diarrhea.  Plaintiff also offered that he was on a large number of medications, some of which would be expected to produce side effects. Plaintiff contends that a normal work routine would be disrupted by his brittle diabetes which required an insulin pump, required him to check his blood sugar frequently, and required him to adjust his food intake in an attempt to maintain his sugar level.  The Commissioner contends that the ALJ reasonably found that Plaintiff retained the RFC to perform unskilled light work and properly applied the Grids because the ALJ concluded that Plaintiff had no additional limitations either exertional or nonexertional.

When a claimant: (1) suffers from a nonexertional impairment that restricts his ability to perform work of which he is exertionally capable, or (2) suffers an exertional impairment which restricts him from performing the full range of activity covered by a work category, the ALJ may not rely on the Grids and must produce specific vocational evidence showing that the national economy offers employment opportunities to the claimant.  *See Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989); *Hammond v. Heckler*,

765 F.2d 424, 425-26 (4th Cir. 1985); *Cook v. Chater*, 901 F. Supp. 971 (D. Md. 1995). A nonexertional impairment is an impairment which is present whether the claimant is attempting to perform the physical requirements of the job or not. *See Gory v. Schweiker*, 712 F.2d 929 (4th Cir. 1983); *see also* 20 C.F.R. § 404.1569a. Every nonexertional condition does not, however, rise to the level of a nonexertional impairment. The proper inquiry is whether there is substantial evidence to support the finding that the nonexertional condition affects an individual's residual capacity to perform work of which he is exertionally capable. *Walker*, 889 F.2d at 49; *Smith v. Schweiker*, 719 F.2d 723, 725 (4th Cir. 1984).

Here, substantial evidence does not support the ALJ's use of the Grids. As discussed above, it is unclear that the ALJ considered all of the medical evidence such that it is not possible to determine whether Plaintiff could perform the full range of light work in light of all of the evidence. Additionally, the ALJ does not appear to have considered the side effects of all of Plaintiff's medication. Finally, the record contains records of numerous hospitalizations from Plaintiff's multiple medical impairments. As pointed out by Plaintiff's counsel at the second hearing before the ALJ (Tr. 1242), Plaintiff was hospitalized for approximately 36 days in 2007 and had already spent 14 days in the hospital up to August 2008. The ALJ does not appear to have considered the effect of this absenteeism on Plaintiff's ability to perform the full range of light work.

Therefore, this matter is remanded to the ALJ to consider whether Plaintiff can perform significant gainful activity in light of all the evidence of his exertional and nonexertional impairments.

### Conclusion

Having reviewed the Record in this matter and based on the above, this matter is **reversed** pursuant to sentence four of 42 U.S.C. § 405(g) and **remanded** on the points above to the ALJ for further consideration as outlined herein.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

March ___, 2011
Charleston, South Carolina